UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-368-1-F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| | ) | |
| CURTIS LAKOY EDMONDS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came for jury selection and trial before the undersigned on May 3, 2010. At the completion of the trial, the jury found the defendant guilty of each of Counts One through Three and Count Five of the Superseding Indictment. [DE-125]. At that time, Defendant made an oral motion to set aside the jury verdict as to Count One, which charged him with conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base (crack). The court agreed to take under consideration the parties' briefs on this motion, subsequently filed on May 16, 2010 and May 24, 2010. [DE-127] & [DE-130]. The Official Transcript, cited to herein, was filed on May 16, 2010 [DE-129].

Specifically, the Superseding Indictment alleged in Count One that:

Beginning in or about January 2007, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about June 26, 2008, in the Eastern District of North Carolina and elsewhere, the defendant, CURTIS LAKOY EDMONDS, also know as "Rude Boy", did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with other persons, both known and unknown to the Grand Jury, to distribute and to possess with

intent to distribute more than fifty (50) grams of cocaine base (crack), a Schedule
II controlled substance in violation of Title 21, United States Code, Section
841{a} (I). All in violation of Title 21, United States Code, Section 846.

As the basis of his Rule 29(c) Motion for a Judgment of Acquittal as to Count One, Defendant argues that "only a buy-sell was proved in court, and that the defendant could not have conspired with the confidential informant who was an agent of the government." [DE-127].

The Government posits that although a buy-sell relationship alone is insufficient to prove a conspiracy, "evidence of a buy-sell transaction coupled with a substantial quantity of drugs would support a reasonable inference that the parties were coconspirators." *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008). Here, the Government recounts drug deals between Edmonds and several other individuals as testified to by Detective Lynne Curl of the Oxford Police Department, as indicative of a conspiracy as alleged in Count One of the Superseding Indictment. Trial Transcript [DE-129] Tr.p. 392-93. Unlike the Government's star witness in this case, the confidential informant, Justin Javon Atkinson, Detective Curl testified to buy-sell arrangements between Edmonds and individuals *not* cooperating with the government, but rather, individuals Edmonds himself admitted to working with during the alleged time of the conspiracy when he provided Detective Curl with an unprotected statement immediately after his arrest in June 2008. *Id.*

Detective Curl testified at the trial that Edmonds told her and her partner, Detective Dickerson, that he had bought from and/or sold to at least five individuals, in amounts ranging from a gram to two ounces of crack cocaine, on several separate occasions. *Id.* According to the Government, these "purchases satisfied the requirement of substantial quantities

of drugs coupled with his repeated transactions and relationships with both sellers and buyers was sufficient to sustain a guilty verdict on the conspiracy charge." [DE-130].

In testing the sufficiency of the evidence, the defendant faces a heavy burden. *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). The evidence must be reviewed in the light most favorable to the Government, drawing all reasonable inferences in favor of the Government, in order to see if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). In order to sustain its burden at trial, the Government was required to show that the Defendant knew a conspiracy to distribute or possess with the intent to distribute more than fifty grams of cocaine base existed and that he knowingly entered into that conspiracy. *See United States v. Cropp*, 127 F.3d 354, 361 (4th Cir. 1997). In *United States v. Mills,* the Fourth Circuit pointed out that "the focus of a conspiracy charge is the agreement to violate the law, not whether the conspirators have worked out the details of their confederated criminal undertakings." 995 F.2d 480, 484 (4th Cir. 1993).

First, this court agrees with the Defendant's assertion that the conspiracy charge cannot hinge on the buyer-seller relationship the Defendant entered into with the Government's confidential informant Justin Javon Atkinson. *United States v. Chase,* 372 F.2d 453, 459 (4th Cir. 1967). The testimony at trial, however, as offered by Detective Curl, shows that the Defendant bought an increasing amount of crack cocaine from an individual not working with the Government, Boss Man, during the time of the alleged conspiracy. [DE-128] Tr. p. 392. According to the unprotected statement Edmonds gave Detective Curl, he purchased from Boss

3

Man over a dozen times in varying amounts of crack cocaine, all amounts greater than a simple user quantity. He also told Detective Curl that he "cooked it back" to create more crack, or to stretch the substance into even greater quantities. *Id.* at 392-93. Although no co-conspirators were named in the Superseding Indictment, the Defendant's continued buys from Boss Man, along with his deals with other buyers and sellers during the time of the alleged conspiracy mentioned in Detective Curl's testimony, are sufficient to show an inference of a drug conspiracy where, like the defendant in *Mills*, "the facts of the case demonstrate Edmonds was far more than a mere buyer." *Mills*, 995 F.2d at 484.

Accordingly, the Defendant's Motion for a Acquittal pursuant to Rule 29(c) hereby is DENIED. The record will reflect the jury's guilty verdict as to Count One of the Superseding Indictment.

SO ORDERED.

This 27th day of May, 2010.

JAMES C. FOX
Senior United States District Judge