IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00368-F-1
No. 5:15-CV-00216-F

| | |
|---|---|
| CURTIS LAKOY EDMONDS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-200] Curtis Lakoy Edmonds's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-194]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and Edmonds's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On December 3, 2008, Edmonds and a codefendant were charged in a four-count indictment. *See* Indictment [DE-1]. A five-count superseding indictment was filed on April 16, 2010, and Edmonds was charged in four counts. *See* Superseding Indictment [DE-102]. In Count One, Edmonds was charged with conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 846. Counts Two and Five charged Edmonds with distribution of more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Three, Edmonds was charged with distribution of more than five grams of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

At Edmonds's arraignment, held on March 22, 2010, he pled not guilty and proceeded to trial. Following a three day trial, the jury returned a verdict of guilty on all counts.

Edmonds's sentencing was held on August 3, 2010. Edmonds was sentenced to life imprisonment on Count One, 360 months' imprisonment on Count Two, 360 months' imprisonment on Count Three, and 360 months' imprisonment on Count Five. *See* Judgment [DE-138]. It was ordered that all terms would run concurrently.

On August 16, 2010, Edmonds filed a Notice of Appeal [DE-140]. In a published opinion [DE-160], the Fourth Circuit Court of Appeals affirmed Edmonds's convictions and sentence. Edmonds filed a petition for writ of certiorari with the United States Supreme Court. On October 1, 2012, the Supreme Court vacated this court's judgment and remanded the case for further consideration in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012).

On remand, this court held a resentencing on January 31, 2013. Edmonds was sentenced to 360 months' imprisonment on Count One, 360 months' imprisonment on Count Two, 360 months' imprisonment on Count Three, and 360 months' imprisonment on Count Five. *See* Amended Judgment [DE-177]. It was ordered that all terms would run concurrently.

On February 11, 2013, Edmonds filed a Notice of Appeal [DE-179]. In an unpublished opinion [DE-187], the Fourth Circuit Court of Appeals affirmed this court's judgment.

Edmonds filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-194] on May 18, 2015. In his § 2255 motion, Edmonds raises the following claims: (1) his conviction was obtained through the use of a coerced confession; and (2) his attorney provided ineffective assistance of counsel. On July 29, 2015, the Government filed a Motion to Dismiss [DE-200], arguing that Edmonds failed to state a claim

upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Edmonds has procedurally defaulted his first claim.

In Edmonds's first claim, he alleges that his conviction was obtained through the use of a coerced confession. Mot. Vacate [DE-194] at 4-5. Specifically, Edmonds contends that he was

3

coerced into making incriminating statements that the Government used to convict him. *Id.* at 5.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, the movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Turner v. Jabe*, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Edmonds concedes that he failed to raise his first claim when his case was on direct appeal. Mot. Vacate [DE-194] at 4. Moreover, Edmonds does not dispute the Government's argument that he failed to raise his first claim when his case was on direct appeal. *See* Reply [DE-205]. The court finds that Edmonds has failed to allege that some objective factor external to the record prevented him from raising his first claim on direct appeal. Additionally, Edmonds has not alleged that he is actually innocent. Accordingly, because Edmonds has failed to

demonstrate either "cause" and "actual prejudice," or that he is actually innocent, Edmonds's first claim is procedurally defaulted and must be dismissed.

**B. Edmonds has failed to state a claim of ineffective assistance of counsel in his second claim.**

Edmonds has raised one claim of ineffective assistance of counsel in his § 2255 motion. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Edmonds's ineffective assistance of counsel claim.

In his second claim, Edmonds alleges that his attorney provided ineffective assistance by failing to adequately investigate police reports of Edmonds's interview; instead, his attorney based argument at the suppression hearing on Edmonds's lucidity at the time of the interview.

5

Mot. Vacate [DE-194] at 7. Edmonds contends that if his attorney had made a thorough investigation into the Officers' Report of Interview, this evidence would "possibly" have been suppressed on the basis of coercion or perjured statements written in the report. *Id.*

This claim must fail under both prongs of the *Strickland* standard. Under the first prong, Edmonds's attorney's performance did not fall below an objective standard of reasonableness because the decision about what approach to take at the suppression hearing falls within counsel's discretion. There is a strong presumption that counsel's performance at a suppression hearing or trial is within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. As for the second prong, Edmonds's claim that the evidence would "possibly" have been suppressed does not sufficiently state the requisite prejudice. *See United States v. Shabazz*, Nos. 06-710-01, 10-3882, 2011 WL 2453496, at *13 (E.D. Pa. June 20, 2011) (finding that an equivocal statement, without more, is not sufficient to meet the "high bar" set by the prejudice prong of the *Strickland* standard). Consequently, Edmonds's second claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-200] is ALLOWED, and Edmonds's § 2255 motion [DE-194] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive

6

procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Edmonds has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 19 day of February, 2016.

                                                *James C. Fox*
                                           James C. Fox
                                           Senior United States District Judge

7

Case 5:08-cr-00368-F   Document 210   Filed 02/19/16   Page 7 of 7