IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-368-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CURTIS LAKOY EDMONDS ) | |

This matter is before the Court on defendant's *pro se* motions and supplemental motions seeking compassionate release. [DE 268]; [DE 275]; [DE 292]; [DE 298]; [DE 294]; [DE 297]. The government has filed an opposition and defendant has replied. [DE 287]; [DE 291]. The motions are now ripe for ruling. For the reasons discussed below, defendant's request for compassionate release is denied.

## BACKGROUND

Defendant Curtis Lakoy Edmonds was sentenced to 360 months of imprisonment on January 31, 2013, after having been convicted by a jury of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (crack), and three counts of distribution of five grams or more of crack. [DE 177]; *see also* [DE 227] (discussing procedural background of this case). On January 22, 2025, Edmonds' sentence was commuted to a term of 280 months of imprisonment through an Executive Grant of Clemency, and he is now scheduled to be released on October 17, 2028. [DE 296]; *see* https://www.bop.gov/inmateloc/ (last visited June 9, 2025).

Edmonds first seeks compassionate release based on the disparity between the sentence he received and that which he would face today if convicted of the same charges. [DE 268]; [DE 275]. At the time of his resentencing, Edmonds was subject to a guideline sentencing range of

360 months to life in prison. [DE 173]. Now, Edmonds argues that, due to changes in the law, his sentencing guideline range today would be lower, specifically 210 to 262 or 262 to 367 months of imprisonment. [DE 268] at 3; [DE 275] at 5. Edmonds further argues that he is rehabilitated and that the § 3553(a) factors warrant a reduction. [DE 275] at 5-8.

The Court has previously denied two motions for compassionate release filed by Edmonds. [DE 227]; [DE 265]. Both times, the Court concluded that the 18 U.S.C. § 3553(a) factors did not support a reduction in Edmonds' sentence. *Id.*[1]

## **DISCUSSION**

"The court may not modify a term of imprisonment once it has been imposed" barring an enumerated exception. 18 U.S.C. § 3582(c). Compassionate release allows a defendant to request release from the sentencing court after satisfying a threshold requirement. *Id.* § 3582(c)(1)(A). Initially, a defendant must request that the Bureau of Prisons bring a motion on their behalf and may then file a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) (emphasis removed).

Once the defendant has satisfied the threshold requirement, the analysis proceeds in three steps. First, the court determines whether the defendant has demonstrated "extraordinary and compelling reasons" which support a reduction in sentence or immediate release. § 3582(c)(1)(A)(i); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). Second, the court determines whether any reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir.

---

[1] Edmonds also seeks appointment of counsel to assist him with the instant motions. *See* [DE 268] at 5. Counsel was appointed [DE 269], but counsel moved to withdraw. [DE 271]. *See also* [DE 278]; [DE 281].

2

2023). Third, the court considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief. *United States v. Bond*, 56 F.4th 381, 384 (4th Cir. 2023).

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's motion for compassionate release. Section 1B1.13 lists several extraordinary and compelling reasons: (1) a defendant's medical circumstances; (2) a defendant's advanced age combined with serious physical or mental health deterioration; (3) a defendant's family circumstances; (4) a defendant's status as a victim of sexual or physical abuse perpetrated by those with custody over the defendant; (5) any other reasons which, considered alone or together, are similarly serious to those circumstances outlined in paragraphs (1) through (4); and (6) defendant's unusually long sentence, so long as at least ten years of imprisonment have been served. U.S.S.G. § 1B1.13(b)(1)-(6). Other than in considering a defendant's unusually long sentence, a change in the law is not considered an extraordinary and compelling reason. *Id.* § 1B1.13(c).

Here, Edmonds exhausted his administrative remedy by first seeking release from the warden. However, even assuming, without deciding, that Edmonds has met his burden to demonstrate extraordinary and compelling reasons, the Court again denies his motions due to the § 3553(a) factors. The nature and circumstances of Edmond's offense were serious, as he was accountable for almost 1,000 grams of cocaine base and over 400 grams of cocaine. [DE 212] at 6. Further, Edmonds has a long and violent criminal history including charges for discharging a firearm in a city, breaking and entering, possession with intent to sell cocaine, carrying a concealed weapon, simple assault, assault on a female, possession of stolen goods, and escape from a local jail. [DE 212] at 7-13. Since his last motion, Edmonds has not incurred any disciplinary infractions but submits no changes relevant to the § 3553(a) factors considered by this Court previously.

3

In his supplemental motions, Edmonds relies on Sentencing Guidelines amendments, his anxiety, a decline in his father's health, and an alleged sentencing disparity. [DE 292]; [DE 293]; [DE 294]. In his most recent supplemental motion, Edmonds recognizes that his sentence has already been reduced by the Executive Grant of Clemency and contends that he no longer presents a request for reduction based upon an unusually long sentence under U.S.S.G. § 1B1.13(b)(6). [DE 297]. Edmonds nonetheless requests a reduction to time-served or 262 months. *Id.* However, given this Court's prior analysis of the § 3553(a) factors, and the failure of Edmonds to submit unconsidered mitigating factors which would support a reduction, Edmonds' motion is denied based on the continuing need to promote respect for the law, provide just punishment, adequately deter criminal conduct, and protect the public from further poisoning of the community through illicit drugs.

## **CONCLUSION**

Accordingly, defendant's motions and supplemental motions for compassionate release [DE 268]; [DE 275]; [DE 292]; [DE 293]; [DE 294]; [DE 297] are DENIED.

SO ORDERED, this 24 day of June 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE